**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM D. MUNDINGER TRUST U/A 10/13/99, ET AL.,** | ) | **CASE NO.04:07MC064** |
| | ) | |
| Petitioners, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **LAMSON & SESSIONS COMPANY., ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Respondents. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioners' Motion to Withdraw Reference Regarding adversary proceedings of Defendants William D. Mundinger U/A 10/13/99, William Mundinger, William H. Peters Revocable Trust U/A 4/15/02, William H Peters, Stanley W. Cosky, Karen A. Mundinger Revocable Trust, Karen A. Mundinger, Deanna V. Peters Revocable Trust, Deanna V. Peters and James L. Messenger (ECF#1). For the following reasons, the Motion to Withdraw the Reference is denied, and the captioned miscellaneous case is removed from this Court's active docket.

**I. FACTUAL BACKGROUND**

On July 9, 2004, Lamson & Sessions Co. ("Lamson") commenced an action in the Cuyahoga County Court of Common Pleas against YSD Industries, Inc. ("YSDI"). On June 28, 2005, YSDI filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Ohio. On that same date, the State Court action was removed voluntarily by the State Court Defendants to Bankruptcy Court. ("Adversary Proceeding"). On June 21, 2007, with leave of the Bankruptcy Court, Lamson and the Trustee filed a Fourth Amended Complaint, adding Defendant James L. Messenger and consisting of ten counts, including fraudulent transfers, aiding and abetting fraudulent transfers, breach of fiduciary duty, professional negligence, and unlawful dividends. On August 16, 2007 and August 17, 2007, over two years after the voluntary removal of the Adversary Proceeding, the State Court Defendants, along with other Defendants, moved for withdrawal of the reference.

Defendants assert essentially three arguments in support of the Motion to Withdraw the Reference. First, Defendants insist the issues raised in the Adversary Proceeding are not core proceedings as contemplated by 28 U.S.C. § 157.[1] Second, Defendants contend they are entitled to a jury trial under the Seventh Amendment of the United States Constitution, they have made a jury demand; and do not consent to a jury trial in the Bankruptcy Court. Third, Defendants argue judicial economy favors the immediate transfer of the Adversary Proceeding to the District Court.

## II. LAW AND ANALYSIS

**28 U.S.C. § 157**

28 U.S.C. § 157(d) of the Bankruptcy Code authorizes the District Court to "withdraw, in

---

[1] James L. Messenger did not deny the allegation in the Fourth Amended Complaint that the Adversary Proceeding was a core proceeding in his Answer.

whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." In the absence of a determination that resolution of a proceeding requires consideration of both Title 11 and other federal law regulating organizations or activities that affect interstate commerce, withdrawal of reference to the bankruptcy court is discretionary. *Id.* In the instant matter, no party has alleged any of the factors requiring mandatory withdrawal; therefore, withdrawal of the reference is discretionary and dependent upon a showing of cause. Neither the Bankruptcy Code nor the Sixth Circuit has defined "cause." However, courts have formulated a non-exhaustive list of factors for the District Court to consider, including judicial economy; uniformity in bankruptcy administration; reducing forum-shopping and confusion; conserving debtor and creditor resources; expediting the bankruptcy process; whether jury trial has been requested; and whether the proceeding is core or non-core. *See Holland Am. Ins. Co. v. Succession of Roy*, 777 F. 2d 992, 999 (5th Cir. 1985); *see also Orion Pictures Corp. v. Showtime Networks*, *Inc. (In re Orion Pictures Group)*, 4 F. 3d 1095, 1101-02 (2nd Cir. 1993). The moving party bears the burden of demonstrating that the reference should be withdrawn. *See In re Vicars Ins. Agency, Inc.*, 96 F. 3d 949, 953 (7th Cir. 1996).

**Core or Non-Core Proceeding**

Pursuant to 28 U.S.C. § 157(b)(3), "[t]he bankruptcy judge *shall* determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." (Emphasis added). "The question of whether a proceeding is core or non-core is appropriately decided by the bankruptcy court, and it is a central question to the determination of a motion to withdraw reference." *Messinger v. Chubb Group of Ins. Cos.*, 1:06mc121 (N.D. Ohio May 16,

2007), at 3.

The Bankruptcy Court has never made a ruling on whether this Adversary Proceeding involves core or non-core proceedings. Thus, Defendants' Motion for Withdrawal of Reference is untimely and premature.

Assuming the proceeding is non-core, and Defendants have the right to a jury trial on the claims asserted against them in the Amended Complaint, the withdrawal is inappropriate because the litigation of the Adversary Proceeding is in its early stages and is not "trial-ready." *In re Enron Corp.*, 318 B.R. 273, 275 (S.D.N.Y. 2004). As noted earlier, the Fourth Amended Complaint was filed in June and the Answers were submitted in late July and early August. In a July 30, 2007 Order, the Bankruptcy Court set a fact discovery deadline of October 31, 2007, and an expert discovery cut-off of March 31, 2008. The Bankruptcy Court is in a superior position to manage and handle these complex pre-trial proceedings.

**Judicial Economy and Uniformity in Bankruptcy Administration**

This Court finds withdrawal of the reference would delay or obstruct, rather than expedite, the bankruptcy process. Considerable time, effort and resources would need to be marshaled to familiarize the District Court with the issues in this complex, nearly three-year-old case. On the other hand, the Bankruptcy Court is fully knowledgeable about the parties and the claims. To institute the Adversary Proceeding in District Court would create piece-meal determinations of intimately intertwined issues.

Further, the Bankruptcy Court has pending before it a dispositive motion under Fed. R. P. 12(b)(6). It would not serve the parties nor the two tribunals to wrench the contested matter from Bankruptcy Court at this time.

**Forum-Shopping**

The State Court Defendants chose to remove the Cuyahoga County lawsuit to the Bankruptcy Court more than two years ago.  Now, after months of litigation, and in the face of a Fourth Amended Complaint, allowed over the Defendants' objections, Defendants desire to extricate themselves from the forum they voluntarily chose.  The Court will not countenance this untimely effort to find a more favorable judicial ear in a fresh forum.

### III. CONCLUSION

The State Court Defendants (Petitioners here) have not met their burden of demonstrating the reference should be withdrawn.  Because the parties never requested, and the Bankruptcy Court never determined, whether the Adversary Proceeding is core or non-core; because the proceeding is not "trial-ready"; and because the policies of judicial economy, uniform bankruptcy administration, and the reduction of forum-shopping and confusion militate against withdrawal, the Motion to Withdraw Reference is untimely, premature, and therefore, denied.

**IT IS SO ORDERED.**

**DATE: September 27, 2007**

                                           **s/Christopher A. Boyko**
                                           **CHRISTOPHER A. BOYKO**
                                           **United States District Judge**